UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

|  |  |
|---|---|
| YOEY LLEO RODRIGUEZ,<br>      Petitioner<br><br>v.<br><br>LOUIS A. QUINONES, JR., in his official capacity as Warden of the Orange County Jail;<br><br>IMMIGRATION AND CUSTOMS ENFORCEMENT;<br><br>ICE FIELD OFFICE DIRECTOR, ORLANDO FIELD OFFICE,<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY;<br><br>      Respondents. | Case No. |

**PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241 AND COMPLAINT FOR EMERGENCY INJUNCTIVE AND DECLARATORY RELIEF**

Petitioner, by and through undersigned counsel, files this consolidated and merged Petition for Writ of Habeas Corpus and Emergency Injunctive Relief, integrating the factual allegations, legal claims, and Rule 65 showing previously pled, and states:

**I. INTRODUCTION**

1. This is a petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging the ongoing and unlawful detention of Petitioner Glen Lira Fernandez at the Orange County Jail in Orlando, Florida.

2. Petitioner is confined without any criminal charges, without a judicial warrant, and without lawful authority, solely based on an ICE immigration detainer—an administrative request that does not authorize detention.

3. Respondents have threatened and attempted to transfer Petitioner to ICE custody, which would irreparably deprive him of liberty and risk frustrating this Court's habeas jurisdiction.

4. Petitioner seeks immediate release and emergency injunctive relief preserving the status quo pending adjudication of this habeas action.

## II. JURISDICTION AND VENUE

5. This Court has jurisdiction under 28 U.S.C. §§ 1331, 2241, and 2243.

6. This Court is authorized to grant the writ and to dispose of the matter as law and justice require.

7. Venue is proper in this District because Petitioner is detained in Orange County, Florida, and Respondents exercise custody in this District.

## III. PARTIES

8. Petitioner Yoey Lleo Rodriguez is a national of Cuba lawfully present in the United States, currently detained at the Orange County Jail.

9. Respondent Louis A. Quinones, Jr. is the Warden of the Orange County Jail, responsible for Petitioner's day-to-day confinement.

10. Respondents DHS, ICE, and the ICE Orlando Field Office Director are responsible for civil immigration enforcement and the detainer at issue.

## IV. CUSTODY AND EXHAUSTION

12. Petitioner is "in custody" for purposes of 28 U.S.C. § 2241.

13. No adequate or available administrative remedy exists to challenge a local jail's detention based solely on an ICE detainer. Exhaustion is not required and would be futile.

## V. FACTUAL ALLEGATIONS

14. On January 23rd, 2026, Petitioner was arrested by the Orange County Sheriff's Office on the stated basis that he was allegedly "undocumented."

15. No criminal charges were filed. No probable cause affidavit exists. No judicial warrant was issued.

16. Upon information and belief, the sole basis for confinement is an ICE immigration detainer issued under 8 C.F.R. § 287.7.

17. Petitioner is lawfully present in the United States, possesses a valid Florida driver's license, Social Security number, employment authorization, and has an immigration court hearing scheduled for March of 2026. **See Exhibit A**

18. Respondents have indicated intent to transfer Petitioner to ICE custody before this Court can adjudicate the legality of his detention.

## VI. LEGAL FRAMEWORK AND CLAIMS

A. Habeas Relief Is Available for Unlawful Civil Detention

20. Habeas relief under § 2241 extends to unconstitutional restraints on liberty imposed by state actors acting under color of federal authority.

B. ICE Detainers Do Not Authorize Local Detention

21. An ICE detainer is a request, not a warrant, and confers no independent authority to detain an individual.

22. Detention based solely on a detainer violates the Fourth Amendment and due process.

C. Fourth Amendment – Unreasonable Seizure

23. Petitioner's detention without criminal charges, probable cause, or a judicial warrant constitutes an unreasonable seizure.

D. Fifth and Fourteenth Amendments – Due Process

24. Petitioner has been deprived of liberty without notice, hearing, or lawful process.

E. Ultra Vires Detention

25. Local jail officials lack authority to effectuate civil immigration detention absent lawful federal process.

## VII. EMERGENCY INJUNCTIVE RELIEF (RULE 65)

26. Petitioner incorporates all prior allegations as if fully set forth herein.

27. Temporary and preliminary injunctive relief are warranted because Petitioner satisfies all four required elements under Eleventh Circuit precedent:

**A. Substantial Likelihood of Success on the Merits**

28. Petitioner is detained without criminal charges, without a judicial warrant, and solely on the basis of an ICE detainer, which is expressly defined by federal regulation as a request and not a command. See 8 C.F.R. § 287.7.

29. Numerous federal courts have held that detention based solely on an ICE detainer violates the Fourth Amendment and due process, and local jailers lack independent authority to effectuate civil immigration detention.

30. Federal courts across the country have overwhelmingly rejected the Government's position that noncitizens who entered through the border and are lawfully present—

whether through Temporary Protected Status ("TPS"), parole, or pending asylum—are subject to mandatory detention without judicial review. Instead, courts have repeatedly held that such individuals are detained, at most, under 8 U.S.C. § 1226(a) and are therefore entitled to habeas relief in the form of release or a bond hearing.

31. In Reyes v. Rose, No. CV 25-7138, 2026 WL 75816, at *1 n.1 (E.D. Pa. Jan. 9, 2026), the court squarely rejected the Government's mass-detention theory and held that the petitioner—who, like Petitioner here, was lawfully present and not subject to removal—was entitled to habeas relief and a bond hearing. The Reyes court further observed the extraordinary and lopsided judicial consensus rejecting the Government's position, noting:

    "As of January 5, 2026, 308 judges have ruled against the Government's mass detention policy — ordering release or bond hearings in more than 1,600 cases — while just 14 judges have sided with the Government's position." *Id.*

32. This stark statistic is not merely persuasive—it is dispositive evidence that the Government's detention theory is an extreme outlier that has been repeatedly repudiated by the federal judiciary. Courts have consistently recognized that lawful presence forecloses detention based solely on immigration status, and that detention without a warrant, criminal charge, or bond hearing violates both the Fourth Amendment and due process.

33. The Middle District Court of Florida has expressly adopted this reasoning in 6:26-cv-00066-RBD-NWH. In granting temporary restraining order relief in a materially indistinguishable habeas case, the Court recognized that noncitizens with TPS and/or pending asylum applications are not subject to mandatory detention, and that continued confinement without a bond hearing is likely unlawful. The Court relied on Reyes as persuasive authority and emphasized that individuals in Petitioner's position are, at minimum, entitled to habeas relief and judicial review of custody.

34. Here, as in Reyes and the more than 1,600 cases nationwide rejecting the Government's position, Petitioner is lawfully present in the United States, is not subject to removal, and is being detained without criminal charges, without a judicial warrant, and without any statutory authority permitting mandatory detention. Given the overwhelming judicial consensus, Petitioner has demonstrated far more than a "substantial likelihood" of success—he has shown that the Government's detention theory has been nearly universally rejected by federal courts.

## B. Irreparable Harm

35. The loss of physical liberty constitutes irreparable harm as a matter of law. Each additional day of unlawful confinement inflicts harm that cannot be remedied by monetary damages.

36. Transfer to ICE custody would irreversibly alter Petitioner's custodial status, subject him to continued civil detention without judicial process, and risk mooting or frustrating this Court's habeas jurisdiction.

### C. Balance of Harms

37. The balance of equities weighs decisively in Petitioner's favor. Enjoining transfer merely preserves the status quo and imposes minimal burden on Respondents.

38. By contrast, denial of injunctive relief exposes Petitioner to continued unlawful detention and the risk of jurisdictional evasion through transfer.

### D. Public Interest

39. The public has a compelling interest in ensuring that detention occurs only pursuant to lawful authority and constitutional safeguards.

40. Preserving the status quo while this Court adjudicates the legality of Petitioner's detention advances, rather than undermines, the public interest.

## VIII. REQUESTED RELIEF

Petitioner respectfully requests that the Court:

a.) Issue a writ of habeas corpus directing Respondents to immediately release Petitioner;

b.) Enter a temporary restraining order and/or preliminary injunction prohibiting Respondents from transferring Petitioner from Orange County Jail custody pending resolution of this action;

c.) Declare that Petitioner's detention based solely on an ICE detainer is unlawful;

d.) Order expedited proceedings under 28 U.S.C. § 2243;

e.) Grant such other relief as the Court deems just and proper.

## CERTIFICATE OF SERVICE

I hereby certify that on January 25th, 2026, I electronically served a copy of the foregoing on the Warden, Orange County Jail, 3723 Vision Blvd., Orlando, FL 32839 and ccd@ocfl.net, OCCDRecords@ocfl.net, and ICE-Orlando Field Office Miami.Outreach@ice.dhs.gov , Orlando.DutyAtty@ice.dhs.gov

**THE ARROYO LAW FIRM**
390 N Orange Ave. Suite 625
Orlando, FL 32801

Phone: 407-770-9000
Fax: 407-901-0709

<u>/s/ Phillip Arroyo</u>
PHILLIP ARROYO, ESQ.
Florida Bar No. 1022409
Phillip@ChillCallPhil.com
Josephine@ChillCallPhil.com

Attorney for Defendant

# EXHIBIT A









```
                    UNITED STATES DEPARTMENT OF JUSTICE
                    EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
                           Orlando IMMIGRATION COURT

                                       LEAD FILE: 240-648-886
                                       IN REMOVAL PROCEEDINGS
                                       DATE: Jul 8, 2025
TO: Law Office of Melissa Martinez, P.A.
    Martinez, Melissa
    815 NW 57TH AVE
    SUITE 200-8
    Miami, FL  33126


RE: 240-648-886 LLEO-RODRIGUEZ, YOEY
```

**Notice of In-Person Hearing**

Your case has been scheduled for a MASTER hearing before the immigration court on:

```
Date:          Mar 31, 2026
Time:          1:00 P.M. ET
Court Address: 500 N. Orange Avenue Ste.1100
               CRT #13, Orlando, FL 32801
```

**Representation:** You may be represented in these proceedings, at no expense to the Government, by an attorney or other representative of your choice who is authorized and qualified to represent persons before an immigration court. If you are represented, your attorney or representative must also appear at your hearing and be ready to proceed with your case.  Enclosed and online at https://www.justice.gov/eoir/list-pro-bono-legal-service-providers is a list of free legal service providers who may be able to assist you.

**Failure to Appear:** If you fail to appear at your hearing and the Department of Homeland Security establishes by clear, unequivocal, and convincing evidence that written notice of your hearing was provided and that you are removable, you will be ordered removed from the United States. Exceptions to these rules are only for exceptional circumstances.

**Change of Address:** The court will send all correspondence, including hearing notices, to you based on the most recent contact information you have provided, and your immigration proceedings can go forward in your absence if you do not appear before the court.  If your contact information is missing or is incorrect on the Notice to Appear, you must provide the immigration court with your updated contact information within five days of receipt of that notice so you do not miss important information. Each time your address, telephone number, or email address changes, you must inform the immigration court within five days.  To update your contact information with the immigration court, you must complete a Form EOIR-33 either online at https://respondentaccess.eoir.justice.gov/en/ or by completing the enclosed paper form and mailing it to the immigration court listed above.

**Internet-Based Hearings:** If you are scheduled to have an internet-based hearing, you will appear by video or telephone. If you prefer to appear in person at the immigration court named above, you must file a motion for an in-person hearing with the immigration court at least fifteen days before the hearing date provided above. Additional information about internet-based hearings for each immigration court is available on EOIR's website at https://www.justice.gov/eoir/eoir-immigration-court-listing.

**In-Person Hearings:** If you are scheduled to have an in-person hearing, you will appear in person at the immigration court named above. If you prefer to appear remotely, you must file a motion for an internet-based hearing with the immigration court at least fifteen days before the hearing date provided above.

For information about your case, please call **1-800-898-7180** (toll-free) or **304-625-2050**.

**The Certificate of Service on this document allows the immigration court to record delivery of this notice to you and to the Department of Homeland Security.**

_____
CERTIFICATE OF SERVICE
THIS DOCUMENT WAS SERVED BY:MAIL[M]   PERSONAL SERVICE[P]   ELECTRONIC SERVICE[E]
TO:  [   ] Noncitizen | [    ] Noncitizen c/o Custodial Officer |
     [ E ] Noncitizen ATT/REP | [ E ] DHS
DATE: _____07/08/25_____    BY:  COURT STAFF _____EL_____
Attachments:[ ] EOIR-33 [ ] Appeal Packet [ ] Legal Services List [ ] Other  NH



Use a smartphone's camera to scan the code on this page to read the notice online.

Usa la cámara de un teléfono inteligente para escanear el código de esta página y leer el aviso en línea.

Use a câmara do smartphone para digitalizar o código nesta página e ler o manual de instruções online.

使用智能手机摄像头扫描本页面的代码，即可在线阅读该通知。

ਨੋਟਿਸ ਨੂੰ ਔਨਲਾਈਨ ਪੜ੍ਹਨ ਲਈ ਇਸ ਪੰਨੇ 'ਤੇ ਕੋਡ ਨੂੰ ਸਕੈਨ ਕਰਨ ਲਈ ਸਮਾਰਟਫੋਨ ਦੇ ਕੈਮਰੇ ਦੀ ਵਰਤੋਂ ਕਰੋ।

অনলাইনে নোটিশ পড়ার জন্য এই পেজের কোডটি স্ক্যান করতে স্মার্টফোনের ক্যামেরা ব্যবহার করুন

सूचना अनलाइनमा पढ्न यस पृष्ठमा कोड स्क्यान गर्न स्मार्टफोनको क्यामेरा प्रयोग गर्नुहोस्।

Sèvi ak kamera yon telefòn entèlijan pou eskane kòd ki nan paj sa a pou li avi a sou entènèt.

استخدم كاميرا الهاتف الذكي لمسح الرمز الموجود في هذه الصفحة لقراءة الإشعار على الإنترنت

Чтобы прочитать уведомление онлайн, отсканируйте код на этой странице с помощью камеры вашего смартфона.

Utilisez l'appareil photo d'un téléphone intelligent pour scanner le code sur cette page afin de lire l'avis en ligne.