UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

Case No. 6:26-cv-00187

YOEY LLEO RODRIGUEZ,
        Petitioner

v.

LOUIS A. QUINONES, JR., in his official
capacity as Warden of the Orange County Jail;

IMMIGRATION AND CUSTOMS ENFORCEMENT;

ICE FIELD OFFICE DIRECTOR,
ORLANDO FIELD OFFICE,

UNITED STATES DEPARTMENT
OF HOMELAND SECURITY;

        Respondents.

---

# EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND FOR PRELIMINARY INJUNCTION

Petitioner, Yoey Lleo Rodriguez, by and through undersigned counsel, pursuant to Rule 65 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2243, respectfully moves this Court for entry of an Emergency Temporary Restraining Order and Preliminary Injunction prohibiting Respondents from transferring Petitioner from the Orange County Jail or otherwise continuing his unlawful detention pending final adjudication of his habeas petition, and states:

## I. INTRODUCTION

1. This is an emergency request to halt an ongoing and unconstitutional deprivation of liberty.

2. Petitioner is currently detained at the Orange County Jail:
   - a.) without criminal charges,
   - b.) without a judicial warrant, and

c.) solely pursuant to an ICE detainer, which is a non-binding administrative request that confers no detention authority.

3. Respondents have threatened and attempted to transfer Petitioner to ICE custody, which would:
   a.) irreparably harm Petitioner,
   b.) alter the status quo,
   c.) and risk frustrating this Court's habeas jurisdiction.

4. Immediate injunctive relief is required to preserve the Court's ability to adjudicate this case and to prevent continued unlawful detention.

## II. JURISDICTION

5. This Court has jurisdiction under 28 U.S.C. §§ 1331, 2241, and 2243.

6. This Court has inherent authority to issue injunctive relief necessary to protect its jurisdiction and to prevent constitutional violations.

## III. FACTUAL BACKGROUND (SUMMARY)

7. On January 23rd, 2026, Petitioner was arrested by the Orange County Sheriff's Office solely based on an allegation that he was "undocumented."

8. No criminal charges were filed.
   No probable cause affidavit exists.
   No judicial warrant was issued.

9. Petitioner remains confined solely because ICE lodged an immigration detainer pursuant to 8 C.F.R. § 287.7.

10. Petitioner is lawfully present in the United States and possesses:
    a.) a valid Florida driver license,
    b.) a Social Security number,
    c.) employment authorization,
    d.) a pending immigration proceeding See Exhibit A

11. Respondents have indicated an intent to transfer Petitioner to ICE custody before this Court can adjudicate the legality of his detention.

## IV. LEGAL STANDARD

12. A temporary restraining order and preliminary injunction are warranted where the movant demonstrates:

    a.) a substantial likelihood of success on the merits;
    b.) irreparable injury absent injunctive relief;
    c.) that the balance of harms favors the movant; and
    d.) that the injunction serves the public interest.

## V. ARGUMENT

### A. Petitioner Has a Substantial Likelihood of Success on the Merits

13. ICE detainers are requests, not warrants, and do not authorize local law enforcement to detain individuals absent independent legal authority. See 8 C.F.R. § 287.7.

14. Detention based solely on an ICE detainer violates:

   a.) the Fourth Amendment (unreasonable seizure),
   b.) procedural due process, and
   c.) well-settled limits on state authority to enforce civil immigration law.

15. Federal courts nationwide have overwhelmingly rejected the Government's theory that noncitizens who are lawfully present may be detained without judicial process.

16. In Reyes v. Rose, No. CV 25-7138, 2026 WL 75816 (E.D. Pa. Jan. 9, 2026), the court held that detention under materially identical circumstances was unlawful and ordered habeas relief.

17. As of January 2026, more than 300 federal judges have rejected the Government's mass-detention theory in over 1,600 cases, while only 14 have ruled otherwise.

18. The Middle District of Florida has expressly relied on *Reyes* to grant TRO relief in a factually indistinguishable habeas case involving asylum-pending detainees. See 6:26-cv-00066-RBD-NWH Javier Gimenez Rivero v. Mina et al

19. Petitioner's continued detention without charges, warrant, or bond hearing is therefore likely unlawful, satisfying Rule 65's first element.

### B. Petitioner Is Suffering Irreparable Harm

20. The loss of physical liberty constitutes irreparable harm as a matter of law.

21. Each additional day of unlawful detention inflicts harm that cannot be remedied by monetary damages.

22. Transfer to ICE custody would irreversibly alter Petitioner's custodial status and risk mooting or frustrating this Court's jurisdiction.

### C. The Balance of Equities Favors Petitioner

23. Enjoining Respondents from transferring Petitioner merely preserves the status quo.

24. Respondents suffer no cognizable harm from being required to comply with constitutional limits on detention.

25. By contrast, denial of injunctive relief exposes Petitioner to continued unlawful confinement.

D. Injunctive Relief Serves the Public Interest

26. The public has a compelling interest in:

a.) preventing unconstitutional detention,
b.) ensuring government actors act within lawful authority, and
c.) preserving judicial review.

27. Granting injunctive relief reinforces, not undermines, the rule of law.

## VI. REQUEST FOR RELIEF

Petitioner respectfully requests that this Court:

a.) Enter an Emergency Temporary Restraining Order prohibiting Respondents from transferring Petitioner from Orange County Jail custody;

b.) Enter a Preliminary Injunction maintaining the status quo pending final adjudication of the habeas petition;

c.) Order expedited proceedings pursuant to 28 U.S.C. § 2243; and

d.) Grant such other relief as the Court deems just and proper.

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 25th, 2026, I electronically served a copy of the foregoing on the Warden, Orange County Jail, 3723 Vision Blvd., Orlando, FL 32839 and ccd@ocfl.net,OCCDRecords@ocfl.net, and ICE-Orlando Field Office Miami.Outreach@ice.dhs.gov , Orlando.DutyAtty@ice.dhs.gov

**THE ARROYO LAW FIRM**
390 N Orange Ave. Suite 625
Orlando, FL 32801
Phone: 407-770-9000
Fax: 407-901-0709

/s/ Phillip Arroyo
PHILLIP ARROYO, ESQ.

Florida Bar No. 1022409
[Phillip@ChillCallPhil.com](mailto:Phillip@ChillCallPhil.com)
[Josephine@ChillCallPhil.com](mailto:Josephine@ChillCallPhil.com)

Attorney for Defendant

# EXHIBIT A



UNITED STATES OF AMERICA
EMPLOYMENT AUTHORIZATION

Surname
LLEO RODRIGUEZ
Given Name
YOEY
USCIS#                    Category  Card#
240-648-886    C09    MSC2390584955
Terms and Conditions
None
Date of Birth                    Sex
15 APR 1996                    M
Country of Birth
Cuba
Valid From: 02/01/24
Card Expires: 01/31/29
NOT VALID FOR REENTRY TO U.S.



The State of Florida retains all property rights herein.
041596
Rev. 03/01/2020

CLASS: E - Any non-commercial veh with a GVWR < 26,001 lbs. or any RV
REST:  None
END:  None

REPLACEMENT LICENSE REQUIRED WITHIN 30 DAYS OF ADDRESS OR NAME CHANGE.
WWW.FLHSMV.GOV





```
              UNITED STATES DEPARTMENT OF JUSTICE
             EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
                   Orlando IMMIGRATION COURT

                            LEAD FILE: 240-648-886
                            IN REMOVAL PROCEEDINGS
                            DATE: Jul 8, 2025
TO: Law Office of Melissa Martinez, P.A.
    Martinez, Melissa
    815 NW 57TH AVE
    SUITE 200-8
    Miami, FL  33126
```

RE: 240-648-886 LLEO-RODRIGUEZ, YOEY

**Notice of In-Person Hearing**

Your case has been scheduled for a MASTER hearing before the immigration court on:

```
Date:          Mar 31, 2026
Time:          1:00 P.M. ET
Court Address: 500 N. Orange Avenue Ste.1100
               CRT #13, Orlando, FL 32801
```

**Representation:** You may be represented in these proceedings, at no expense to the Government, by an attorney or other representative of your choice who is authorized and qualified to represent persons before an immigration court. If you are represented, your attorney or representative must also appear at your hearing and be ready to proceed with your case.  Enclosed and online at https://www.justice.gov/eoir/list-pro-bono-legal-service-providers is a list of free legal service providers who may be able to assist you.

**Failure to Appear:** If you fail to appear at your hearing and the Department of Homeland Security establishes by clear, unequivocal, and convincing evidence that written notice of your hearing was provided and that you are removable, you will be ordered removed from the United States. Exceptions to these rules are only for exceptional circumstances.

**Change of Address:** The court will send all correspondence, including hearing notices, to you based on the most recent contact information you have provided, and your immigration proceedings can go forward in your absence if you do not appear before the court.  If your contact information is missing or is incorrect on the Notice to Appear, you must provide the immigration court with your updated contact information within five days of receipt of that notice so you do not miss important information. Each time your address, telephone number, or email address changes, you must inform the immigration court within five days.  To update your contact information with the immigration court, you must complete a Form EOIR-33 either online at https://respondentaccess.eoir.justice.gov/en/ or by completing the enclosed paper form and mailing it to the immigration court listed above.

**Internet-Based Hearings:** If you are scheduled to have an internet-based hearing, you will appear by video or telephone. If you prefer to appear in person at the immigration court named above, you must file a motion for an in-person hearing with the immigration court at least fifteen days before the hearing date provided above. Additional information about internet-based hearings for each immigration court is available on EOIR's website at https://www.justice.gov/eoir/eoir-immigration-court-listing.

**In-Person Hearings:** If you are scheduled to have an in-person hearing, you will appear in person at the immigration court named above. If you prefer to appear remotely, you must file a motion for an internet-based hearing with the immigration court at least fifteen days before the hearing date provided above.

For information about your case, please call **1-800-898-7180** (toll-free) or **304-625-2050.**

**The Certificate of Service on this document allows the immigration court to record delivery of this notice to you and to the Department of Homeland Security.**

_____
                        CERTIFICATE OF SERVICE
THIS DOCUMENT WAS SERVED BY:MAIL[M]   PERSONAL SERVICE[P]   ELECTRONIC SERVICE[E]
TO:   [  ] Noncitizen | [   ] Noncitizen c/o Custodial Officer |
      [ E ] Noncitizen ATT/REP | [ E ] DHS
DATE: _____07/08/25_____   BY:  COURT STAFF _____EL_____
Attachments:[ ] EOIR-33 [ ] Appeal Packet [ ] Legal Services List [ ] Other   NH

Use a smartphone's camera to scan the code on this page to read the notice online.

Usa la cámara de un teléfono inteligente para escanear el código de esta página y leer el aviso en línea.



Use a câmara do smartphone para digitalizar o código nesta página e ler o manual de instruções online.

使用智能手机摄像头扫描本页面的代码，即可在线阅读该通知。

ਨੋਟਿਸ ਨੂੰ ਔਨਲਾਈਨ ਪੜ੍ਹਨ ਲਈ ਇਸ ਪੰਨੇ 'ਤੇ ਕੋਡ ਨੂੰ ਸਕੈਨ ਕਰਨ ਲਈ ਸਮਾਰਟਫੋਨ ਦੇ ਕੈਮਰੇ ਦੀ ਵਰਤੋਂ ਕਰੋ।

অনলাইনে নোটিশ পড়ার জন্য এই পেজের কোডটি স্ক্যান করতে স্মার্টফোনের ক্যামেরা ব্যবহার করুন

सूचना अनलाइनमा पढ्न यस पृष्ठमा कोड स्क्यान गर्न स्मार्टफोनको क्यामेरा प्रयोग गर्नुहोस्।

Sèvi ak kamera yon telefòn entèlijan pou eskane kòd ki nan paj sa a pou li avi a sou entènèt.

استخدم كاميرا الهاتف الذكي لمسح الرمز الموجود في هذه الصفحة لقراءة الإشعار على الإنترنت

Чтобы прочитать уведомление онлайн, отсканируйте код на этой странице с помощью камеры вашего смартфона.

Utilisez l'appareil photo d'un téléphone intelligent pour scanner le code sur cette page afin de lire l'avis en ligne.