UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**YOEY LLEO RODRIGUEZ,**

   **Petitioner,**

v.            Case No: 6:26-cv-187-PGB-DCI

**LOUIS A. QUINONES, JR.,
IMMIGRATION & CUSTOMS
ENFORCEMENT (ICE),
DEPARTMENT HOMELAND
SECURITY, IMMIGRATION
AND CUSTOMS
ENFORCEMENT AGENCY and
FIELD OFFICE DIRECTOR,
ORLANDO FIELD OFFICE,
UNITED STATES CITIZENSHIP
& IMMIGRATION SERVICES,**

   **Respondents.**
_____/

# ORDER

This cause is before the Court for consideration without oral argument on Petitioner's Emergency Motion for Temporary Restraining Order and Preliminary Injunction. (Doc. 2). As discussed below, the Court will grant a temporary restraining order ("**TRO**") and set an expedited briefing schedule and hearing on Plaintiff's request for a preliminary injunction.

**I. BACKGROUND**

Petitioner filed a petition for writ of habeas corpus (Doc. 1 (the "**Petition**")) under 28 U.S.C. § 2241 challenging the legality of his detention by the United States

Immigration and Customs Enforcement ("**ICE**"). (*Id.*). Petitioner also filed a Motion for TRO and for Preliminary Injunction requesting the Court to enjoin Respondents from transferring him from the Orange County Jail pending the resolution of the Petition. (Doc. 2).

According to the Petition, Petitioner is lawfully present in the United States as a national of Cuba, holds a valid Florida driver's license and Social Security number, has employment authorization, and is scheduled for a hearing in immigration court in March 2026. (Docs. 1, 2). Petitioner contends that his continued detention lacks probable cause and violates due process. (Doc. 2, pp. 3–4). In the Petition, he seeks the following relief: (1) a TRO prohibiting Respondents from transferring Petitioner from the Orange County Jail to ICE custody absent a judicial warrant or other lawful authority, (2) a preliminary injunction maintaining the status quo pending final adjudication of the habeas petition, (3) an order directing Respondents to justify his detention and an expedited hearing pursuant to 28 U.S.C. § 2243, (4) a writ of habeas corpus directing his immediate release, (5) a declaration that Petitioner's detention based solely on an ICE detainer and without criminal process is unlawful, and (6) any other relief, including costs, that the Court deems proper. (*Id.* at p. 4; Doc. 2, p. 5).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 65 authorizes this Court to issue a TRO without notice to the adverse party when (a) "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury . . . will

result to the movant before the adverse party can be heard in opposition," and (b) "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." If the movant establishes that he is justified in seeking *ex parte* relief, he then must show that injunctive relief is warranted. To do so, the movant must demonstrate "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the nonmovant; and (4) that the entry of the relief would serve the public interest." *Schiavo ex. rel Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005). "The balance-of-the-harms and public-interest elements merge when the government is the party opposing the injunctive relief." *Melendez v. Sec'y, Fla. Dep't of Corr.*, No. 21-13455, 2022 WL 1124753, at *17 (11th Cir. Apr. 15, 2022) (citing *Swain v. Junior*, 961 F.3d 1276, 1293 (11th Cir. 2020)).

### III. DISCUSSION

#### A. Likelihood of Success on the Merits

"Noncitizens present in the United States are entitled to due process under the Fifth Amendment." *Mejia v. Noem*, No. 2:25-CV-981-SPC-NPM, 2025 WL 3078656, at *2 (M.D. Fla. Nov. 4, 2025) (citing *Reno v. Flores*, 507 U.S. 292, 306 (1993). This includes protection against deprivations of liberty, such as immigration detention, without due process of law. *Id.* (citing *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001) for the proposition that "[f]reedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at

the heart of the liberty that Clause protects."). While nationals of Cuba no longer enjoy Temporary Protected Status ("**TPS**"), the Petitioner continues to enjoy due process. Here, the Petitioner has not been ordered removed, as evidenced by the Notice of In-Person Hearing. (Doc. 1, p. 10). Instead, Petitioner has been detained since January 23, 2026, on an ICE immigration detainer without a judicial warrant and without a bond hearing. Consequently, Petitioner's detention appears to be unlawful or warranting of a bond hearing, and Petitioner has demonstrated a likelihood of success on the merits.

### B. Irreparable Harm

Next, Petitioner must demonstrate that without an injunction he will suffer irreparable injury, which is an injury that "'cannot be undone through monetary remedies.'" *Scott v. Roberts*, 612 F.3d 1279, 1295 (11th Cir. 2010) (quoting *Cunningham v. Adams*, 808 F.2d 815, 821 (11th Cir. 1987)). "It is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'" *Mejia*, 2025 WL 3078656, at *3 (quoting *Gayle v. Meade*, 614 F. Supp. 3d 1175, 1205 (S.D. Fla. 2020)); *but see Siegel v. LePore*, 234 F.3d 1163, 1177 (11th Cir. 2000) ("Plaintiffs also contend that a violation of constitutional rights always constitutes irreparable harm. Our case law has not gone that far, however.").

As Petitioner argues, allowing Petitioner, who appears to be unlawfully detained, to be transferred from the Orange County Jail to an ICE holding facility outside this Court's jurisdiction would frustrate the speedy resolution of this case

and potentially impact the Court's jurisdiction. If this occurred, Petitioner likely would be unlawfully detained without due process even longer. Petitioner, therefore, has shown irreparable harm will occur if relief is not granted. Thus, the Court concludes that prohibiting Petitioner's transfer from the Orange County Jail is the equitable and expedient manner by which to limit and address Petitioner's ongoing detention.

### C. Balance of Equities and Public Interest

The final factors for injunctive relief also weigh in Petitioner's favor. Petitioner's rights to due process and liberty are at issue. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty [the Fifth Amendment's Due Process Clause] protects." *Mejia*, 2025 WL 3078656, at *3 (quoting *Zadvydas*, 533 U.S. at 690). There is no identifiable legitimate public interest served by Petitioner's likely unlawful detention. Rather, "the public is better served by the faithful execution of immigration laws." *Id.*; *see also Rojano Gonzalez v. Sterling*, No. 1:25-cv-6080-MHC, 2025 WL 3145764, at *8 (N.D. Ga. Nov. 3, 2025) (holding that the balance of equities and public interest weighs in a petitioner's favor where a TRO would merely prevent respondents from applying a statutory scheme in an unlawful manner).

### IV. CONCLUSION

In sum, the Court concludes that Petitioner's immigration detention and/or the absence of a bond hearing are unlawful. Petitioner's transfer from the Orange

County Jail to an ICE facility would prolong said detention and cause irreparable harm if permitted. Therefore, the Court will grant Petitioner's request for a TRO. It is unlikely that Respondents will sustain costs or damages because of this Order. Thus, Petitioner does not have to post a security bond. *See* FED. R. CIV. P. 65(c).

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Petitioner's Emergency Motion for TRO (Doc. 2) is **GRANTED**. Respondents and those in privity with them are hereby **TEMPORARILY ENJOINED** from transferring Yoey Lleo Rodriguez from the Orange County Jail **until further order of the Court**;

2. Respondents shall respond in writing to the Motion (Doc. 2) and the Petition for Habeas Corpus (Doc. 1) by **January 31, 2026**, and show cause why the Court should not issue a preliminary injunction;

3. The United States Marshal shall serve a copy of this Order on Respondents today, January 26, 2026, and certify to the Court that service has been effected;

4. No bond shall be required as the Court deems it unnecessary; and

5. **TAKE NOTICE** that the Court will consider this matter at a hearing on **February 3, 2026 at 10:00 AM**, at which time the TRO will expire unless extended.

6. The Clerk of Court is directed to electronically send a copy of this Order to the United States Attorney's Office in Orlando, Florida.

**DONE AND ORDERED** in Orlando, Florida on January 26, 2026.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties