# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**YOEY LLEO RODRIGUEZ,**

        **Petitioner,**

v.                                                                          Case No: 6:26-cv-187-PGB-DCI

**LOUIS A. QUINONES, JR.,**
**IMMIGRATION & CUSTOMS**
**ENFORCEMENT, ICE FIELD**
**OFFICE DIRECTOR, ORLANDO**
**FIELD OFFICE and**
**UNITED STATES**
**DEPARTMENT OF HOMELAND**
**SECURITY,**

        **Respondents.**
_____/

## ORDER AND INJUNCTION

This cause is before the Court for consideration on Petitioner's Writ of Habeas Corpus and Complaint for Injunctive and Declaratory Relief.[1] (Doc. 1). The Government submitted a Response in Opposition (Doc. 13), and the Petitioner filed a Reply (Doc. 15).

## I.     BACKGROUND

Petitioner filed a petition for writ of habeas corpus (Doc. 1 (the "**Petition**")) under 28 U.S.C. § 2241 challenging the legality of his detention by United States

---

[1] In the interim, the Court granted the Petitioner's Emergency Motion for Temporary Restraining Order. (Docs. 2, 4, 6).

Immigration and Customs Enforcement ("**ICE**"). (*Id.*). Petitioner also filed a Motion for TRO and for Preliminary Injunction requesting the Court to enjoin Respondents from transferring him from the Orange County Jail pending the resolution of the Petition. (Doc. 2).

According to the Petition, Petitioner is lawfully present in the United States as a Cuban national, holds a valid Florida driver's license and Social Security number, has employment authorization, and is scheduled for a hearing in immigration court in March 2026. (Docs. 1, 2). Petitioner contends that his continued detention lacks probable cause and violates due process. (Doc. 2, pp. 3–4). The Court further notes that this case, like others before and since, involves the disturbing practice of ICE removing the detainee from the Orange County Jail to circumvent the prohibition against holding "alien[s] not otherwise detained by a criminal justice agency" for more than 48 hours. *See* 8 C.F.R. § 287.7(d). When questioned in Court, the Assistant United States Attorney tasked with defending this practice admitted he could not identify a legal justification for it.

The question before the Court is whether an alien already present in the United States who does not fall within the narrow exception in § 1226(c) is entitled to a bond hearing. The answer is an unequivocal yes.

II.  **DISCUSSION**

The Government's Response to the Petition is thin. While the Government characterizes this dispute "as a standard § 1225 v. § 1226 case without detention at the border," there is nothing standard about the manner in which the Executive

2

Branch has conducted the mass incarceration of otherwise law-abiding aliens without due process.[2] In fairness, however, the Government did not benefit from the thoughtful and deft analysis of §§ 1225 and 1226 by the Honorable Judge Roy B. Dalton, Jr., in *Guaiquire v. Quinones, et al.*, 6:26-cv-169-RBD-RMN, Dkt. 19 (M.D. Fla. Feb. 3, 2026), when fashioning its response to the Petition. The undersigned cannot improve upon Judge Dalton's reasoning and adopts his rigorous examination of statutory construction set forth in *Guaiquire*.

The Government relies on *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025), where the Board of Immigration Appeals ("**BIA**") construes § 1225 as applying to all aliens and summarily declares all ineligible for bond. (Doc. 13, p. 3). Thankfully, this Court is not bound by the BIA's flawed and results-driven reasoning. *Guaiquire*, Dkt. 19 at 20 (citing *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 400–01 (2024) (finding that courts, not agencies, have "special competence" in resolving statutory interpretation)). The Government conveniently ignores the Supreme Court's observation in *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018), that "§ 1226 applies to aliens already present in the United States." Instead, the Government seeks comfort in the "outlier" opinion authored by Judge Jordan Pratt over the tsunami of judicial opinions that do not render the phrase "seeking admission" mere surplusage. *See Guaiquire*, Dkt. 19 at 13–18. This Court

---

[2] During the hearing, the Government conceded that ICE agents arresting an alien without an arrest warrant and detaining that person without judicial intervention violates due process.

finds Judge Dalton's interpretation of the interplay between § 1225, § 1226, and the Laken Riley Act more persuasive.

Thankfully, reason is beginning to prevail. In a recent case before Judge John Antoon II, the Assistant U.S. Attorney withdrew the Government's brief and conceded that a bond hearing is required. In another case before Judge Gregory Presnell, the Government conceded that § 1226 controls and that a bond hearing is required. So much for the "precedent" established by the Board of Immigration Appeals. Undoubtedly, affording every alien rounded up in the chaos that is ICE will strain immigration judges. This is a problem manufactured by the Executive Branch, and administrative judges beholden to that branch will have to deal with the deluge of individuals arrested without due process.[3]

## III.  CONCLUSION

In sum, the Court concludes that the Petitioner's detention based only on an immigration detainer is unlawful. As Judge Dalton adroitly observed, "There is an easy fix to bring the Government into compliance with the law as written: Detain aliens under the appropriate statute and give them a bond hearing." *Guaiquire*, Dkt. 19 at 23–24.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

---

[3]  The undersigned suspects that this reality is what prompted the BIA to conveniently determine that every alien, regardless of how they entered or how long they have resided in the United States, is "seeking admission" and is subject to mandatory detention.

1. The Petition for a Writ of Habeas Corpus and request for injunctive relief (Doc. 1) is **GRANTED**.[4]

2. Respondents Louis A. Quinones, Jr., in his official capacity as the Warden of the Orange County Jail; Immigration and Customs Enforcement; ICE Field Office Director, Orlando Field Office; United States Department of Homeland Security; and all other persons or entities acting in active concert or participation with them, are **PERMANENTLY RESTRAINED AND ENJOINED** from detaining Petitioner Yoey Lleo Rodriguez under 8 U.S.C. § 1225.

3. Respondents Louis A. Quinones, Jr., in his official capacity as the Warden of the Orange County Jail; Immigration and Customs Enforcement; ICE Field Office Director, Orlando Field Office; United States Department of Homeland Security; and all other persons or entities acting in active concert or participation with them are **TEMPORARILY RESTRAINED AND ENJOINED** from detaining Petitioner Yoey Lleo Rodriguez under 8 U.S.C. § 1226 until at least **February 13, 2026**. Should Respondents elect to later detain him under 8 U.S.C. § 1226, Respondents are **DIRECTED** to release him within 72 hours of his detention unless he is provided with a bond hearing before an immigration judge during that 72-hour period. If he

---

[4] The Court notes that the Petitioner was released from custody following the hearing held on February 3, 2026. As such, there is no need to again order his release.

        is redetained and released, Respondents must facilitate his transportation from the detention facility by notifying his counsel of the time and place where he may be collected.

4. No security bond is required for this injunction as the Court deems it unnecessary.

5. Petitioner is **DIRECTED** to notify his counsel should his place of residence change while his immigration proceedings are ongoing.

6. The Clerk is **DIRECTED** to enter judgment in favor of Petitioner and against Respondents and then to close the file.

7. The Court **RETAINS** jurisdiction to enforce the terms of this Order. If Petitioner is later detained and deprived of a timely hearing but not released as ordered herein, he may move to reopen this case without opening a new file. The Court also retains jurisdiction to consider the matter of fees and costs.

8. The Clerk is **DIRECTED** to serve copies of this Order as follows:

    (1) Copy to Immigration and Customs Enforcement (Attn: Assistant Field Office Directors) via email at MIAAOR-Habeas-DG@ice.dhs.gov;

    (2) Copy to United States Attorney's Office via email at USAFLM.Orlando2241@usdoj.gov;

    (3) Courtesy copy to Orange County Jail / Warden's Office at irmpickupdesk@ocfl.net;

        so-as-legalservices@ocsofl.com;

        OCCDRecords@ocfl.net; and

        Juanita.Beason@ocfl.net;

(4) Courtesy copy to United States Marshal Service via email at usms-mfl-orl@usdoj.gov;

(5) Copy via certified mail to the United States Attorney's Office at 400 W. Washington Street, Suite 3100, Orlando, FL 32801; and

(6) Copy via certified mail to the United States Attorney General at 950 Pennsylvania Ave., NW Washington, DC 20530.

**DONE AND ORDERED** in Orlando, Florida on February 5, 2026.

*/s/ Paul G. Byron*
PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties